IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CLAUDE BUTCHER, )
 )
 Petitioner, )
 ) Case No. 05 C 5121
 v. )
 )
UNITED STATES OF AMERICA, )
 )
 Respondent. )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner Claude Butcher's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Butcher's Section 2255 motion.

## BACKGROUND

On November 13, 2003, Butcher was charged in a two-count indictment with: (1) conspiring to distribute in excess of 500 grams of mixtures containing cocaine in violation of 21 U.S.C. § 846; and (2) distributing in excess of 500 grams of mixtures containing cocaine in violation of 21 U.S.C. § 841(a)(1). (03 CR 898-2, R. 14-1, Indictment.) On May 21, 2004, Butcher pleaded guilty to the conspiracy count pursuant to a written plea agreement. (03 CR 898-2, R. 51-1, R. 52-1.) On October 14, 2004, the Court sentenced Butcher to 200 months' imprisonment. (03 CR 898-2, R. 68-1.) Butcher did not appeal his conviction and sentence to the United States Court of Appeals for the Seventh Circuit, but instead brings this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**LEGAL STANDARD**

A district court must grant a Section 2255 motion to vacate, set aside or correct a sentence when a petitioner establishes "that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Hays v. United States*, 397 F.3d 564, 566-67 (7th Cir. 2005) (citations and quotations omitted). A Section 2255 motion, however, cannot substitute for a direct criminal appeal. *Coleman v. United States,* 318 F.3d 754, 760 (7th Cir. 2003). Accordingly, if a petitioner does not raise a claim on direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, *see Fuller v. United States,* 398 F.3d 644, 648 (7th Cir. 2005), or that enforcing the procedural default would lead to a "fundamental miscarriage of justice." *Gomez v. Jaimet,* 350 F.3d 673, 679 (7th Cir. 2003). On the other hand, because claims of ineffective assistance of counsel usually involve evidence outside the record, such claims are properly brought for the first time in a Section 2255 motion. *See Ballinger v. United States,* 379 F.3d 427, 429-30 (7th Cir. 2004) (citing *Massaro v. United States,* 538 U.S. 500, 509, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003)).

**ANALYSIS**

Construing Butcher's *pro se* Section 2255 motion liberally, *see United States v. Ogle,* 425 F.3d 471, 475 (7th Cir. 2005), Butcher brings three constitutional claims. First, Butcher contends that because his trial attorney failed to file a notice of appeal after he requested counsel to do so, he was denied constitutionally effective assistance of counsel. Second, Butcher argues that his counsel provided constitutionally ineffective assistance of counsel for failing to

recognize that the evidence was insufficient to convict him of conspiring to distribute cocaine. Last, Butcher asserts that the Court improperly sentenced him as a career offender because one of his qualifying offenses was a state drug trafficking offense that is not covered by the authorizing legislation for the United States Sentencing Guidelines. The Court addresses each argument in turn.

## I. Ineffective Assistance of Counsel – Appeal Request

First, Butcher contends that he asked his counsel to perfect an appeal, yet counsel ignored his request. The Seventh Circuit has held that an attorney's "failure to take an appeal, despite the defendant's request, is ineffective assistance without regard to the probability of success on appeal." *Castellanos v. United States,* 26 F.3d 717, 719 (7th Cir. 1994); *see also Roe v. Flores-Ortega,* 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). In *Flores-Ortega*, the Supreme Court explained that relevant to this inquiry is whether the defendant set forth evidence that he expressed a desire to appeal. *See id.* at 485.

Here, Butcher has not presented any evidence substantiating his claim that he asked his lawyer to appeal his conviction and sentence, such as his own affidavit. *See id.* at 485; *see also Galbraith v. United States,* 313 F.3d 1001, 1009 (7th Cir. 2002) (district court did not err in denying Section 2255 petition where petitioner failed to produce any evidence, including affidavits, that would substantiate his claim of ineffective assistance).

Meanwhile, in his plea agreement, Butcher waived his right to appeal. Specifically, the plea agreement states that Butcher "further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial." (03 CR 0898, R. 52-1, Plea Agreement, ¶11.) Accordingly, even if Butcher's attorney had filed a notice of appeal, Butcher's

claims on appeal would fail because he waived them in his plea agreement. Therefore, because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the Court summarily dismisses Butcher's ineffective assistance of counsel claim concerning his request for an appeal. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings.

Finally, because Butcher did not provide the Court with any affidavits supporting his request for an evidentiary hearing regarding this claim, the Court denies his request for a hearing. *Galbraith,* 313 F.3d at 1009 (bare allegations do not meet threshold requirement for Section 2255 evidentiary hearing); *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001) ("hearing is not necessary if the petitioner makes allegations that are 'vague, conclusory, or palpably incredible,' rather than 'detailed and specific.'")

## II. Ineffective Assistance of Counsel – Insufficient Evidence

Next, Butcher contends that there was insufficient evidence to support his conviction for conspiring to distribute cocaine. In his reply brief, Butcher makes this argument in the context of his counsel's ineffectiveness for failing to recognize this fact and for advising him to enter into the plea agreement.

To establish ineffective assistance of counsel, Butcher must show (1) his attorneys' performance "fell below an objective standard of reasonableness," *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Id.* at 694. If Butcher fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *See id.*

4

In the context of a guilty plea, the Supreme Court has articulated that "a defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received was constitutionally ineffective." *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quotations omitted). In this context, under the prejudice prong of the *Strickland* standard, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Villegas,* 388 F.3d 317, 323 (7th Cir. 2004); *see also Hill*, 474 U.S. at 58-60.

Here, Butcher does not set forth any arguments concerning his attorney's constitutionally inadequate performance nor does Butcher explain how he was prejudiced by counsel's actions. In fact, he never mentions that he would have gone to trial but for his counsel's advice. *See Villegas,* 388 F.3d at 323. Further, Butcher does not attack the voluntariness of his plea. *See Hill*, 474 U.S. at 56. Simply put, Butcher's unsubstantiated and conclusory statements cannot support his ineffective assistance of counsel claim. *United States v. Turcotte,* 405 F.3d 515, 537 (7th Cir. 2005). Thus, Butcher's second ineffective assistance of counsel claim fails.

### III. Career Offender Status

Finally, Butcher contends that the career offender guideline is invalid because the United States Sentencing Commission exceeded its delegated authority by permitting prior state convictions to serve as predicate offenses for the career offender status under U.S.S.G. 4B1.1. More specifically, Butcher contends that only offenses specifically enumerated under 28 U.S.C. § 994(h) can be qualifying convictions for career offender status.

Assuming Butcher can overcome the procedural default of this claim, his argument still fails. First, the Seventh Circuit has rejected Butcher's argument that only the specific offenses outlined in Section 994(h) may be used as predicate offenses under U.S.S.G. 4B1.1. *See United States v. Damerville,* 27 F.3d 254, 257 (7th Cir. 1994) (citation omitted). "Section 994(h) provides the minimum obligation of the Commission and does not prohibit the inclusion of additional offenses that qualify for such treatment." *Id.* Second, other Circuit Courts have flatly rejected Butcher's exact argument, namely, that the United States Sentencing Commission exceeded its statutory authority by including state offenses as the basis for career offender status under U.S.S.G. 4B1.1. *See United States v. Gonsalves,* 121 F.3d 1416, 1420 (11th Cir. 1997); *United States v. Brown,* 23 F.3d 839, 841 (4th Cir. 1994); *United States v. Consuegra,* 22 F.3d 788, 790 (8th Cir. 1994); *United States v. Beasley,* 12 F.3d 280, 283-84 (1st Cir. 1993); *United States v. Rivera,* 996 F.2d 993, 996 (9th Cir. 1993); *United States v. Whyte,* 892 F.2d 1170, 1174 (3d Cir. 1989).

In *Beasley,* the defendant argued that the Sentencing Commission lacked the legal authority under the guideline's enabling statute to define a prior conviction for a "controlled substance offense" to include state convictions. *See* 28 U.S.C. § 994(h)(2). Judge Breyer, now Associate Justice Breyer, wrote for the Third Circuit:

> We, like the other two circuits that have considered this question, do not accept Beasley's argument, for three basic reasons. First, although the language of Part (B), unlike Part (A), does refer to specific federal statutes, if one reads its words literally, it does not exclude, but rather includes, convictions under state law. Part (B) refers to "an offense described in" the particular specified federal statutes. Those statutes describe behavior commonly called "drug trafficking." They refer to such activities as the making, importing, exporting, distributing, or dispensing, of drugs, and possessing drugs with an intent to engage in these activities. They do not refer to simple possession of drugs (except when entering or leaving the country). A literal reading of the statute would include a

6

conviction under a state law that criminalizes some, or all, of these same activities, for such a state law would create "an offense described in" the federal statute.

Second, examination of the purpose of the statutory provision supports the literal reading just described. Congress wrote that the provision's objective was to ensure that "substantial prison terms [are] imposed on repeat violent offenders and repeat drug traffickers." S.Rep. No. 225, 98th Cong., 2d Sess. 175 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3358. Beasley's interpretation would frustrate this objective, for, on that interpretation, the statute would not require a "substantial prison term" for a "repeat drug trafficker" apprehended by state authorities and punished under state, rather than federal, law. We have found nothing in the history of the legislation, nor in its language, that explains why Congress would want to insist (as it did) upon a "substantial prison term" for an offender who repeats earlier violent conduct (irrespective of jurisdiction) but not want to insist upon a similar "substantial prison term" for an offender who similarly repeats earlier drug trafficking conduct.

Third, Beasley's interpretation would create a significant anomaly in a guideline system, the primary objective of which is to create uniformity of sentencing treatment. *See Mistretta v. United States,* 488 U.S. 361, 365- 66, 109 S.Ct. 647, 651-52, 102 L.Ed.2d 714 (1989); 28 U.S.C. § 991(b)(1)(B) (guidelines should "avoid[ ] unwarranted sentence disparities among defendants with similar records who have been found guilty of similar criminal conduct"). In seeking uniformity, to distinguish among offenders on the basis of different behavior, or different criminal backgrounds, often makes sense, when considered in light of the basic purposes of punishment (*e.g.*, deterrence, "just deserts," incapacitation, or rehabilitation, *see* 18 U.S.C. § 3553(a)). To distinguish among them on the basis of which jurisdiction happened to punish the past criminal behavior seems (in the absence of some special circumstance) close to irrational.

*Beasley* 12 F.3d at 283.

Indeed, it makes no sense, based on the three factors delineated by the *Beasley* Court, to distinguish between whether a criminal defendant has a prior conviction for a state offense rather than a federal one. Although *Beasley* and the five other Circuit Court decisions are not binding on the Court, the Court agrees with the reasoning set forth in these opinions, adopts that reasoning, and concludes that the United States Sentencing Commission did not exceed its statutory authority by including state offenses as predicate offenses for the career offender status

7

under U.S.S.G. 4B1.1. Accordingly, Butcher's claim that his sentence was in excess of the maximum authorized by law fails. *See Hays*, 397 F.3d at 566-67.

**CONCLUSION**

The Court denies Butcher's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Dated: February 2, 2006

                                          **ENTERED**

                                          _____
                                          **AMY J. ST. EVE**
                                          **United States District Court Judge**